### Garrett Wade LINDERMAN, Plaintiff—Appellant,

v.

Eldon VAIL; John Lambert; Ron Knight; Barbara Croft; Patti Rima; Barry Kellogg, Dr.; Christopher Bowman; David Snell; Carol Noonan, Defendants—Appellees.

No. 01–35684.

D.C. No. CV–98–00388–WFN.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Feb. 3, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Before BROWNING, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Washington state prisoner Garrett Wade Linderman ("Linderman") appeals pro se the district court's order granting the Washington State Penitentiary's ("WSP") motion for summary judgment in his 42 U.S.C. § 1983 action. Because the parties are familiar with the facts and procedural history, they are not recited here.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Whether the prison's actions violate the Eighth Amendment is a mixed question of law and fact. *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.2002). We review the district court's factual findings for clear error. *Id.* We review the district court's legal conclusion that the facts do not demonstrate an Eighth Amendment violation de novo. *Id.* We affirm in part and reverse in part.

To establish an Eighth Amendment claim, a prisoner must show that he suffered from the "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). "Under traditional Eighth Amendment analysis, we first consider whether there is an 'infliction of pain,' and, if so, whether that infliction is 'unnecessary and wanton.'" *Jordan v. Gardner*, 986 F.2d 1521, 1525 (9th Cir.1993) (en banc). To determine if the policy is "necessary," we consider the prison's security interests. *See id.* at 1526–27. To determine if the infliction of pain is "wanton," we look to see if prison officials acted with "deliberate indifference" to a prisoner's serious medical needs. *Id.* at 1527.

A finding of deliberate indifference requires something more than negligence, but is satisfied with something less than purposefully causing the harm alleged. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It is not enough that a prison official should have known about a risk of harm; rather, the official must actually be aware of facts from which the inference could be drawn, actually draw the inference, and nonetheless disregard the risk to the inmate's health. *Id.* at 837. Knowledge may be inferred from evidence establishing an obvious risk of harm. *Id.* at 842.

■ The district court properly granted summary judgment on Linderman's claim regarding the provision of alternative medical modalities while he was housed in higher-security areas of the prison. Linderman's claim does not allege facts sufficient to support a finding that prison officials acted with deliberate indifference to his serious medical needs. Rather, Linderman's claim merely raises a difference of opinion about the proper course of his medical treatment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996).

■ The district court, however, erred in granting summary judgment as to potential declaratory or injunctive relief on Linderman's challenges to WSP's policies prohibiting pillows in higher-security areas of the prison and requiring inmates to reestablish medical treatment upon transfer between units. In reaching its decision, the district court relied on the analysis set forth in *Turner v. Safley*, requiring courts to balance the rights of the inmate against the legitimate penological interests of the prison. 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Under *Turner*, "a lesser standard of scrutiny" is applied to determine the constitutionality of prison rules. *Id.* at 81. But the *Turner* analysis does not apply to Eighth Amendment claims. *Hallett*, 296 F.3d at 747 n. 7; *Jordan*, 986 F.2d at 1530. We therefore reverse and remand for reconsideration of the facts under the traditional Eighth Amendment "unnecessary and wanton" analysis.

■ The district court also erred in granting summary judgment on Linderman's claim that he suffered the unnecessary and wanton infliction of pain as a result of delays he incurred in receiving medical modalities when he was transferred into higher-security areas of the prison. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intention-

ally interfere with medical treatment." *Hallett*, 296 F.3d at 744 (internal citations and quotation marks omitted). Linderman raised a triable issue of fact regarding whether the repeated, foreseeable, and lengthy delays he experienced in getting his substitute blankets upon transfer to higher-security units of the prison rises to the level of deliberate indifference.

■ The district court also erred in its causation analysis. The district court found that Linderman could not show the individualized causation required to prevail on a section 1983 claim alleging a constitutional deprivation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988). But when a prisoner seeks injunctive or declaratory relief against prison officials, his inquiry into causation is "broader and more generalized." *Id.* Because Linderman seeks injunctive or declaratory relief, the district court should have considered "the combined acts or omissions of the state officials responsible for operating" the WSP. *Id.*

Upon remand, the district court should appoint pro bono counsel to represent Linderman. The Court expresses no opinion as to the merits of Linderman's claims. Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**